UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80848-CIV-COHN/SNOW

JOHN KORMAN,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
and SHARON R. BOCK, CLERK &
COMPTROLLER, PALM BEACH
COUNTY,

      Defendants.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Motions to Dismiss by Defendants Sharon R. Bock [DE 5] and the United States [DE 20]. The Court has considered the Motions, the various Responses and Replies, and the Plaintiff's pleadings,[1] and is otherwise fully advised in the premises.

The Court notes at the outset that the Internal Revenue Service is not a proper party in this suit. A federal agency may not be sued in its own name without express congressional authority, see Blackmar v. Guerre, 342 U.S. 512, 514 (1952), and it is clearly established that the Internal Revenue Service is among those agencies for

---

[1] The Court considers Docket Entry 12, titled Motion for Leave to File Amended Complaint, to be the operative Complaint in this action. Because the Defendants have not yet filed an Answer, the Plaintiff may amend his Complaint once as a matter of course. Fed. R. Civ. P. 15(a). Accordingly, although Plaintiff does not require leave of this Court to file this first Amended Complaint, insofar as he seeks it, his Motion shall be granted.

which such authority has not been given, see e.g., Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989); Krouse v. United States, 380 F. Supp. 219, 221 (C.D. Cal. 1974).[2]  The proper party in this action, therefore, is the United States.

Both the United States and Palm Beach County raise deficiency of service issues in their Motions to Dismiss.  In the case of the United States, it appears that Plaintiff failed to deliver a copy of the summons and complaint to the Attorney General of the United States.  However, because the Defendant is clearly on notice of this action, as it has filed a Motion to Dismiss, and Plaintiff's failure in this regard is only really a technical failure, the Court finds no prejudice to the Defendant.  Accordingly, the Court will not dismiss Plaintiff's Complaint on these grounds, but quashes service of process.  The arguments by Palm Beach County regarding insufficiency of service of process need not be considered by the Court because the claims against this Defendant are subject to dismissal on other grounds.

Plaintiff raises claims against the United States based on an alleged improper tax lien and tax assessment against him, claims against the United States under the Freedom of Information Act, and claims against Palm Beach County related to the recording of the alleged improper tax lien.  The Court considers each group of claims in turn.

---

[2] Plaintiff argues that the Internal Revenue Service is not a federal agency because it was not created by statute.  Plaintiff is incorrect.  As the Supreme Court clearly stated in Chrysler Corp. v. Brown, the IRS can be traced back to the Act of July 1, 1862, ch. 119, 12 Stat. 432.  441 U.S. 281, 297 n.23 (1979).  Contrary to Plaintiff's interpretation, the Supreme Court's opinion in that case does not concede that no organic Act for the IRS can be found–the Court instead points directly to this statute as the origin of the present-day IRS.

I. **IMPROPER TAX LIEN AND TAX ASSESSMENT CLAIMS AGAINST THE UNITED STATES**

In his Complaint, Plaintiff seeks an injunction removing the IRS's federal tax lien against him and damages under Sections 7433 and 7431 of the Internal Revenue Code, alleging that taxes were improperly assessed against him and that the tax lien placed on his property is improper.[3]  Each of these claims is subject to dismissal.

First, the Court must dismiss Plaintiff's claims seeking an injunction removing the tax lien or a declaration that the lien is invalid because the Court lacks jurisdiction to award the relief requested.  The Court lacks jurisdiction over any action that seeks to enjoin the collection of taxes, pursuant to the Anti-Injunction Act.  26 U.S.C. §7421(a).  Although courts have found a narrow exception to this general rule in cases where irreparable harm will occur and the plaintiff lacks an adequate remedy at law, see Enochs v. Williams Packing & Navigation, 370 U.S. 1, 6 (1962), this Court does not believe Plaintiff's case falls within that narrow category.  The Court also lacks jurisdiction to provide declaratory relief and declare a federal tax lien to be invalid, pursuant to the Declaratory Judgment Act.  28 U.S.C. §2201(a).  Accordingly, the Court lacks jurisdiction to provide the relief that Plaintiff seeks with respect to his federal tax lien, and his claims for injunctive or declaratory relief cannot be maintained.

Additionally, Plaintiff fails to state a claim upon which relief may be granted as to

---

[3] Plaintiff's Complaint is admittedly difficult to follow in parts.  The Court has endeavored to interpret the allegations in the Complaint as accurately as possible and to apply the relaxed pleading standards afforded to *pro se* litigants in accordance with Haines v. Kerner, 404 U.S. 519 (1972).

his claim under 26 U.S.C. §7433 for unlawful collection actions by officers or employees of the IRS. The only allegation Plaintiff makes of any illegal collection activities is his claim that the federal tax lien on his property is "illegal." As the Government points out, the Internal Revenue Code expressly authorizes the filing of a Notice of Federal Tax Lien against taxpayers with outstanding tax liabilities. 26 U.S.C. §6323. Plaintiff argues that the tax lien may not attach to property held in a tenancy by the entirety, but the Supreme Court has established that a federal tax lien attaches to all property and rights to property belonging to the taxpayer, including property held in a tenancy by the entirety. United States v. Craft, 535 U.S. 274 (2002). Thus, Plaintiff does not state a valid claim under Section 7433.

Plaintiff also argues that he does not owe the underlying tax liability upon which the tax lien is based, but this Court also lacks jurisdiction to consider this claim. Section 7433 is concerned with improper collection activity by IRS employees and officers, not with improper assessment of the tax liability itself, and a taxpayer may not challenge the assessment of a tax liability in a suit under Section 7433. Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994). Another section of the Code, 26 U.S.C. §7432, does provide for federal court jurisdiction where an officer of the IRS fails to release a lien on the property of a taxpayer when the taxpayer's obligation has been satisfied, but Plaintiff makes no allegation that he has satisfied his obligations to the IRS. Rather, he challenges the assessment of that tax obligation in the first place, which is not a claim that this Court may consider. Similarly, Section 1346(a)(1) provides federal jurisdiction over actions against the United States for the recovery of taxes that were erroneously assessed or collected. However, the Supreme Court has established that a

jurisdictional prerequisite to bringing a suit under this section is the taxpayer's payment of the entire tax deficiency.  See Flora v. United States, 357 U.S. 63 (1958).  Again, Plaintiff makes no allegation that he has paid the tax deficiency, and so he cannot maintain a claim under this theory.

Similarly, Plaintiff's claims under Section 7431 of the Code for unlawful disclosure of his return information cannot be maintained because he alleges no facts that would constitute such a violation.  Section 7431 authorizes suits for damages against the United States where employees of the IRS unlawfully inspect or disclose a taxpayer's confidential tax information in violation of Section 6103.  Section 6103 specifies that tax returns and tax return information must remain confidential except as authorized by the Code.  26 U.S.C. §6103.  As above, Plaintiff points to only one action by the IRS with which he takes issue–the filing of the Notice of Federal Tax Lien.  As discussed above, such a lien is explicitly authorized by the Code, and as such, does not constitute the disclosure of confidential taxpayer information in violation of Section 6103.  Accordingly, Plaintiff's claims under Section 7431 for unlawful disclosure of his confidential information cannot be maintained.

The Court notes that the Plaintiff makes blanket allegations of "illegal" and improper conduct by the IRS in the assessment of the tax liability at issue and the attempts at collecting that tax liability.  However, the only specific action by the IRS to which Plaintiff points is its placement of a tax lien on his property.  As the placement of a federal tax lien is authorized by statute and is an entirely valid method of collecting taxes owed, the Plaintiff cannot maintain his action on the basis of these claims.  Plaintiff appears to predicate his claims that the tax assessment is improper on his

5

belief that he is under no legal obligation to pay taxes.[4]  Plaintiff is again incorrect; the Internal Revenue Code very clearly provides for the assessment of taxes against citizens such as himself.  As for any other unspecified "illegal" actions by the IRS, Plaintiff has not identified them for the Court, and so has failed to plead these actions with the specificity required by the Federal Rules of Civil Procedure to put the Defendants on adequate notice of the claims raised against them.

The Court notes that Plaintiff appears to be raising many of the typical arguments of the tax protester movement.  While not doubting the sincerity of Plaintiff's beliefs, the Court does find, however, that the invalidity of these arguments is settled law, and that continued efforts to press these arguments may reasonably result in sanctions.  See McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986).

II. **FREEDOM OF INFORMATION ACT CLAIMS AGAINST THE UNITED STATES**

Plaintiff alleges violations of his rights under the Freedom of Information Act for various requests he has made of the IRS that have allegedly been denied.  In its Motion to Dismiss, Defendant United States raises only one argument regarding these FOIA claims–that the Plaintiff appears to seek no relief in relation to these allegations.  Fed. R. Civ. P. 8(a)(3) requires that any pleading asserting a claim for relief include a demand for judgment for the relief the pleader feels he should receive.  However, this standard is not an arduous one; it is sufficient for the pleader to simply identify the

---

[4] Plaintiff argues that the only entities against whom taxes may be assessed are those involved with the cotton industry, tobacco industry, and alcohol industry; persons living and working in territories under the exclusive jurisdiction of the federal government, those elected within a corporate structure; and federal government contractors.  (Amended Complaint [DE 12], p. 12-13.)

remedies he seeks and the party against whom relief is sought. Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993). Furthermore, the request for an improper remedy is not fatal; "a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant." Hawkins v. Frick-Reid Supply Corp., 154 F.2d 88, 89 (5th Cir. 1946). "The pleader need only make one demand for relief regardless of the number of claims that are asserted." Wright & Miller Federal Practice and Procedure: Civil 3d §1255.

Plaintiff does specify in his Complaint the relief sought in this case, and particularly in light of the relaxed pleading standards to be applied to *pro se* litigants, the Court is unwilling at this time to dismiss Plaintiff's Freedom of Information Act claims. The Seventh Circuit, in an opinion by Judge Posner, held that "it would be appropriate and indeed quite sensible for a judge confronting a complaint that does not demand proper relief to ascertain whether the plaintiff wants the improper relief sought in the complaint or nothing; if so, the complaint must be dismissed." Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002). However, this Court is not prepared to find that the Plaintiff prays for an injunction removing the tax lien or nothing; undoubtedly, his claims raised under the FOIA relate to documents he actually seeks to obtain. Accordingly, the Court finds that dismissal of Plaintiff's FOIA claims is not warranted at this stage in the litigation.

### III. CLAIMS AGAINST PALM BEACH COUNTY

Defendant Sharon R. Bock files the instant Motion to Dismiss, based on her construction of the Plaintiff's Complaint as pertaining to her specific office as Clerk & Comptroller of Palm Beach County. Plaintiff's claims against Palm Beach County

appear to pertain to the County's role in recording the federal tax lien that he believes is improper. Plaintiff takes issue with the fact that the County accepted the lien presented to it for recording by the IRS because, among other reasons, the lien is "bogus" and the IRS is not a federal agency. (See Amended Complaint, [DE 12] p. 7.)

The Florida legislature has explicitly directed the clerk to accept Notices of Federal Tax Liens for filing. Fla. Stat. Section 55.202. The existence of the tax lien and its enforceability against the Plaintiff do not hinge on this process of recording; the purpose of recording this lien is to make it enforceable against third parties by putting them on notice of its existence. Plaintiff argues that the County has improperly converted an "inchoate lien" to a perfected lien. However, as the County points out in its Motion to Dismiss, the Federal Tax Lien Act of 1966 makes this issue irrelevant. As the Fifth Circuit held in Aetna Insurance Company v. Texas Thermal Industries, "whatever role the 'choateness' rule of federal common law may play in other contexts, it has been supplanted by the provisions of s. 6323 with respect to tax lien priority questions as to which that statute provides an unambiguous federal law answer." 591 F.2d 1035, 1038 (5th Cir. 1979).

As discussed above, the filing by the IRS of the Notice of Federal Tax Lien is explicitly authorized by federal statute, and the recording of a Notice of Federal Tax Lien by the County is explicitly authorized by state statute. Despite the lengthy nature of the Plaintiff's various filings, he alleges only the following material facts: that the IRS assessed taxes against him, that the IRS then placed a lien on his property, and that the County then recorded that lien. These facts, even if proven, simply cannot add up to a valid claim against the County under any legal theory. Accordingly, Plaintiff's

claims against Palm Beach County must be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

While it may well be that the Plaintiff disagrees with the federal taxation system and the various statutes and regulations that exist for the purposes of collecting federal income taxes, the fact remains that he states no valid claim where the only wrongdoing he alleges is the assessment of taxes and the placement of a lien on his property as a result of nonpayment of those taxes. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion for Leave to File Amended Complaint [DE 12] is **GRANTED**.

2.  Defendant United States' Motion to Dismiss [DE 20] is **GRANTED in part**. Plaintiff's claims against the Internal Revenue Service are **DISMISSED with prejudice**. Plaintiff's claims I through XII and XXII of the Amended Complaint [DE 12] against the United States are **DISMISSED with prejudice**.

3.  Plaintiff's claim shall proceed only as to claims XIII through XXI (Freedom of Information Act claims). If Plaintiff has any additional factual allegations he wishes to make on his FOIA claims, he may file a Motion for Leave to file a third amended complaint, stating grounds on which leave should be given and attaching a copy of the proposed amended complaint.

4. Plaintiff's Emergency Motion for Injunctive Relief [DE 13] and Emergency Motion for Injunctive Relief Part II [DE 22] are **DENIED as moot** in light of this Court's ruling on Plaintiff's claims for an injunction.

5. The Motion to Dismiss filed by Defendants Palm Beach County and Sharon R. Bock [DE 5] is **GRANTED**. Plaintiff's claims I through VI and request for a temporary restraining order against Palm Beach County and/or Sharon R. Bock are **DISMISSED with prejudice**.

6. Service of process on Defendant United States is hereby **QUASHED**, and Plaintiff is directed to properly serve Defendant United States pursuant to Fed. R. Civ. P. 4(i).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of February, 2007.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:

John Korman, pro se
Thomas F. Koelbl, DOJ
Mark B. Kleinfeld, Esq.